CANADY, J.,
dissenting.
Whether to “take an appeal” is among the “fundamental decisions” that “the accused [in a criminal case] has the ultimate authority to make.” Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The accused in a criminal case also has a basic right to a lawyer who is faithful to the ethical requirement of Rule Regulating the Florida Bar 4-1.2(a) that “a lawyer shall abide by a client’s decisions concerning the objectives of representation.” The majority unjustifiably infringes on Mr. Robertson’s right to make the fundamental decision of whether to pursue the appeal of his death sentence as well as his right to a lawyer who will follow the ethical imperative to abide by Mr. Robertson’s decision concerning the objectives of rep- *914 reservation. I dissent from this infringement of Mr. Robertson’s rights.
I.
None of the grounds relied on by the majority to justify its decision can withstand scrutiny. The majority falls short in its efforts to find a basis for this decision in the Florida Constitution, the Florida death penalty statute, or the United States Supreme Court’s death penalty jurisprudence. Although prior decisions of this Court provide support for precluding the waiver of appeal by a defendant under a sentence of death, none of those decisions rests on a reasoned basis.
A.
The Florida Constitution, in article 5, section 3(b)(1), provides a right of appeal to this Court for defendants on whom a sentence of death has been imposed. But the Constitution does not prohibit waiver of the right of appeal by a competent defendant. Article 5, section 3(b)(1), states that “[t]he Supreme Court ... [sjhall hear appeals from final judgments of trial courts imposing the death penalty and from decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.” Nothing in this constitutional provision suggests that a defendant in a death penalty case is precluded from waiving the right of appeal, any more than the provision suggests that parties in cases declaring invalid a state statute or provision of the Florida Constitution are precluded from waiving their right of appeal.
B.
And nothing in section 921.141(4), Florida Statutes (2013), alters — or could alter— either the nature of the right of appeal granted by the Florida Constitution or the nature of this Court’s jurisdiction. The statutory provision regarding “automatic review by the Supreme Court of Florida” merely recognizes that death cases are directly appealable to this Court and that we have mandatory — that is, nondiscre-tionary — jurisdiction over such cases. The statute by no means expressly precludes a defendant from waiving the defendant’s right of appeal, and the statutory context provides no basis for reading such a limitation on the rights of defendants into the statute. An automatic appeal is not equivalent to a non-waivable appeal. Our decisions precluding the waiver of appeal by a defendant under a sentence of death twists this statutory provision to reach a result that is at odds with the recognized ultimate authority of a criminal defendant to make the decision of whether to take an appeal. Jones, 463 U.S. at 751, 103 S.Ct. 3308.
C.
Finally, nothing in the jurisprudence of the Supreme Court bars a defendant under a sentence of death from waiving the right to appeal the sentence. The Supreme Court’s recognition that the “provision for appellate review” under state capital-sentencing schemes “serves as a check against the random or arbitrary imposition of the death penalty,” Gregg v. Georgia, 428 U.S. 153, 206, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), does not entail the denial of an individual defendant’s right to decide whether to “take an appeal,” Jones, 463 U.S. at 751,103 S.Ct. 3308.
Indeed, the Supreme Court’s death penalty jurisprudence rests on the recognition that “the Eighth Amendment guarantees individuals the right not to be subjected to excessive sanctions.” Roper v. Simmons, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (emphasis added). It is not based on some abstract right of the state to ensure appropriate sentences but on the concrete right of individuals to be free of cruel and unusual punishments. In this case, it is Mr. Robertson’s right that is *915 at issue, and his decision concerning whether to pursue an appeal to vindicate that right — as well as his right to a lawyer who will support that decision — should not be annulled. Respect for the individual dignity of the defendant requires respect for his decision of whether to pursue an appeal and for his right to a lawyer who will not work against him.
II.
A defendant under a sentence of death should not be deprived of basic rights that are afforded to all other criminal defendants. Defense counsel in this ease has been placed in an untenable ethical position because Mr. Robertson has not been allowed to waive his right of appeal. I would remand this matter to the trial court to determine whether Mr. Robertson has made a knowing, intelligent, and voluntary waiver of his right of appeal. See Durocher v. Singletary, 623 So.2d 482, 484-85 (Fla.1993) (holding that a competent prisoner on death row may waive his right to collateral counsel and postconviction proceedings and remanding the case to the trial court for “the trial judge forthwith to conduct a Faretta[v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975),]-type evaluation of Durocher to determine if he understands the consequences of waiving collateral counsel and proceedings”). If Mr. Robertson has made a knowing, intelligent, and voluntary waiver, this appeal should be dismissed.
POLSTON, J., concurs.